Judge Logan
delivered the opinion of the court.
Thiswdsa suit upon the following entry: — ‘■'•June 15th, “1780. John Marshall, jr. assignee, enters 15,000 acres “upon three treasury warrants, to begin at the road that “leads from the mouth of Cabin creek to the upper Salt “lick, where the said road crosses the dividing ridge between the waters of Cabin creek and the north fork of “Licking creek, then to run nearly south so as to strike “M’Dermid’s settlement and pre-emption which is laid at “the Stone lick, and running with M’Dermid’s lines till a “south course will strike the north fork of Licking creek, “then up the main branch of the said north fork and binding therewith; then from the said dividing ridge an east-“wardly course so as to cross the heads of the right hand “branches of the said Cabin creek, and to extend from “thence still an eastwardly course until a line at right an“gles from the general course of the said north fork shall “include the quantity.”
another, cannot pre-of that other is shewn,
Hardin for appellant, Bibb for appelleee.
There is a total failure to exhibit M’Dermid’s settlement and pre-emption; and the ground it ntay occupy will, possibly, if adjoined agreeably to the calls of Marshall’s entry, throiv it so far eastwardly as that a line running South from thence to the north fork of Licking, would exclude the land in contest. It is, at any rate, so extremely uncertain the extent of the interference under the different forms which M’Dermid’s may be made to assume, that in the absence of that claim, Marshall’s cannot be sustained.
The decree of the circuit court must, therefore, be reversed with cost.